IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SAGARE POWELL, on behalf of
himself and others similarly situated,

    Plaintiff,

vs.                                            **COLLECTIVE ACTION**

MARSHALL & GREGORY VIII, LLC,
a Florida Limited Liability Company, d/b/a
The Dutch Pot Jamaican Restaurant,

    Defendant.
_____/

## COMPLAINT

## INTRODUCTION

1.    This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "FLSA"), to recover unpaid overtime compensation owed to Plaintiff SAGARE POWELL, and all others similarly situated to him who were formerly or are currently employed as cooks by Defendant MARSHALL & GREGORY VIII, LLC, d/b/a The Dutch Pot Jamaican Restaurant (hereinafter, "DUTCH POT") in Broward County, Florida.

2.    Pursuant to the FLSA, Plaintiff, on behalf of himself and all others similarly situated to them, seeks unpaid overtime compensation, liquidated damages or pre-judgment interest, post-judgment interest, attorneys' fees and costs from Defendant DUTCH POT.

3.    Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly or are currently employed by Defendant DUTCH POT who were paid in a similar manner as Plaintiff, or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. §216(b).

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

5. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Broward County, Florida and within the Southern District of Florida.

## PARTIES

6. Plaintiff SAGARE POWELL (hereinafter "Plaintiff" or "POWELL") was, at all material times, a resident of Broward County, Florida and was employed first as an hourly waged cook by DUTCH POT at four (4) different locations within the Broward County, Florida, from April 2019 until his separation from employment on December 4, 2019. On or about July 2019, Plaintiff was changed from an hourly to salaried.

7. At all times material, Plaintiff was an employee of Defendant DUTCH POT within the meaning of the FLSA.

8. At all times material, during Plaintiff's employment with Defendant DUTCH POT, Plaintiff was engaged in commerce or in the production of goods for commerce as he handled and sold goods and materials that have been moved in or produced for commerce.

9. At all times material, Defendant DUTCH POT is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or material that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are

separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

## FACTUAL ALLEGATIONS

10. The allegations in Paragraphs 1 through 9 are incorporated as if fully stated herein.

11. Plaintiff is a non-exempt former employee of Defendant DUTCH POT who worked as an hourly wage machine operator.

12. From the inception of Plaintiff's employment, he worked more than 40 hours per week every week of his employment, without being paid the federally mandated wage for overtime. Specifically: (a) Plaintiff was paid a maximum of 40 hours for each workweek when he was an hourly employee; and (b) Plaintiff was not paid any overtime when he was a salaried employee.

13. Defendants violated the FLSA by failing to pay Plaintiff for overtime hours worked in excess of forty per week at the applicable time and one-half rate.

14. Defendants have a policy of not paying any overtime compensation to its non-exempt employees.

## LEGAL CLAIMS

### COUNT I (as to Plaintiff and those similarly situated): Failure to Pay Overtime Wages in Violation of 29 U.S.C. § 207 by DUTCH POT

15. The allegations in Paragraphs 1 through 14 are realleged and fully incorporated by reference herein.

16. DUTCH POT employs four (4) to five (5) cooks for each of their eight (8) locations, thus there are approximately 40 current employees who are similarly situated to Plaintiff.

17. DUTCH POT requires all of its cooks to work six (6) days and approximately fifty-two (52) hours each work week, but does not pay them any overtime compensation.

18. When Plaintiff was an hourly employee, DUTCH POT would manipulate his time records to reflect that he worked no more than 40 hours, despite the fact that he was working a 52-hour schedule. Upon information and belief, DUTCH POT requires all hourly cooks to work over

40 hours per week, but does not pay for any hours over 40.

19. When Plaintiff was a salaried employee, DUTCH POT required him to work the same 52-hour work schedule, but did not pay him any overtime compensation. Upon information and belief, DUTCH POT requires all salaried cooks to work over 40 hours per week without paying any overtime compensation.

20. All of DUTCH POT's cooks are non-exempt employees and are thus entitled to be paid overtime compensation.

21. By its actions alleged above, Defendant DUTCH POT willfully, knowingly and/or recklessly violated the provisions of FLSA, which requires overtime wages to be paid to non-exempt employees, including those set forth in the provisions of 29 U.S.C. § 207.

22. As a result of the unlawful acts of Defendant DUTCH POT, Plaintiff and all persons similarly situated to him have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages or prejudgment interest, post-judgment interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court to enter an order certifying a collective action pursuant to section 216(b) for violations of the FLSA, and pray for this Court to grant the following relief:

A. To authorize the issuance of notice at the earliest possible time to all current and former employees who are or were employed by Defendant DUTCH POT, who worked as cooks, whether hourly or salaried, and who worked more than 40 hours per week in one or more workweeks. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid overtime wages as required by the FLSA;

B.	To declare that Defendant DUTCH POT has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and persons similarly situated;

C.	To declare that Defendant DUTCH POT's violations of the FLSA were willful;

D.	To award Plaintiff and other similarly situated current and former cooks employed by Defendant DUTCH POT adequate damages for the amount of unpaid overtime wage compensation they are owed, subject to proof at trial;

E.	To award Plaintiff and other similarly situated current and former cooks employed by Defendant DUTCH POT liquidated damages in an amount equal to the unpaid overtime compensation shown to be owed pursuant to 29 U.S.C. §216(b);

F.	If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

G.	To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. §216(b); and

H.	To award Plaintiff and other similarly situated current and former cooks employed Defendant DUTCH POT their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

I, SAGARE POWELL, hereby consent and agree and opt-in to become a Plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

*s/Sagare Powell*
Sagare Powell

Dated: December 13, 2019
Plantation, Florida

          Respectfully submitted,

          ***/s/Robert S. Norell***
          Robert S. Norell, Esq. (Fla. Bar No. 996777)
          E-Mail: rob@floridawagelaw.com
          **ROBERT S. NORELL, P.A.**
          300 N.W. 70th Avenue
          Suite 305
          Plantation, Florida 33317
          Telephone: (954) 617-6017
          Facsimile: (954) 617-6018
          *Counsel for Plaintiff SAGARE POWELL*